# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BARBOUR,<br><br>    Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN,<br><br>    Respondent. | Case No. 1:17-cv-00965-JLT (HC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>[Doc. 19] |

Petitioner has filed a motion for reconsideration of the Court's final order denying the petition on the merits. (Doc. 19) The Court finds that Petitioner's arguments do not merit reconsideration and will **DENY** Petitioner's motion.

## I. BACKGROUND

On July 20, 2017, Petitioner filed a federal petition for writ of habeas corpus in this Court. (Doc. 1.) He challenged a disciplinary proceeding held on December 7, 2015. He claimed his procedural due process rights were violated in the disciplinary hearing because he was not provided proper notice of the charges, he was denied his right to call a witness, and he was denied his right to an impartial hearing officer. He also claimed that the substance at issue was not properly tested, that a charge was erroneously added at the hearing of which Petitioner had no notice, that a charge was duplicative, and that the fine imposed was invalid. He further alleged that the hearing officer made several factual errors and that resulted in an erroneous

finding of guilt.

On November 8, 2017, Respondent filed an answer to the petition. (Doc. No. 14.) Petitioner did not file a traverse to Respondent's answer. On January 16, 2018, Petitioner filed a motion for summary judgment claiming Respondent had failed to file a response to the petition. (Doc. 15.) On January 23, 2018, the Court denied the motion for summary judgment because Respondent had filed a response on November 8, 2017. (Doc. 16.) Petitioner was advised that a traverse was due on or before December 11, 2018. Over thirty days later, on February 27, 2018, the Court issued an order denying the petition on the merits and judgment was entered in favor of Respondent. (Doc. 17.) On March 26, 2018, Petitioner filed the instant motion for reconsideration.

**II.      DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Petitioner claims the order should be reconsidered in light of certain mistakes committed by the Court. Petitioner states he did not receive a copy of Respondent's answer because of transfers between institutions and he was therefore denied the opportunity to file a traverse. He claims the Court ignored several inconsistencies in Liwag's declaration and the facts contained in the record. He claims the Court erred in determining there was no foundation for his allegation that Liwag was a biased decision-maker. He alleges he was not given a UDC hearing after the re-write of the incident report. He contends that the Court erred in failing to address his claim that the substance had not been properly tested. He claims the Court erred in failing to address his claim that the fine amount exceeded the amount authorized by policy. Finally, he claims the Court ignored exculpatory evidence concerning his admission that the envelope containing the illegal substance was his. As discussed below, Petitioner's arguments do not merit reconsideration.

### A. Petitioner's Traverse

Petitioner first alleges he did not receive a copy of Respondent's answer which in turn led to his filing of a motion for summary judgment. He faults the Court for failing to realize the fact he did not receive a copy of the response. Petitioner's motion alleged that Respondent had not filed a response. The Court addressed Petitioner's motion by stating that Respondent had indeed filed a response on November 8, 2017. The Court further advised Petitioner of the time deadlines at issue, specifically, the deadline for filing an optional traverse. After the motion was denied, Petitioner did nothing further. Petitioner could have requested an extension of time to file a traverse; he could have requested re-service of Respondent's response; and he could have contacted the Clerk of Court for a copy of the Response. It is not the Court's responsibility to litigate Petitioner's case. Thus, after over thirty days passed with no filing from Petitioner, the Court acted on the case by denying the petition.

### B. Inconsistencies in Liwag Declaration

Petitioner takes issue with certain alleged inconsistencies in Liwag's Declaration and the facts in the record. There is no merit to this claim. Petitioner states that according to the Liwag Declaration, he advised Supervisory CSS Fischer that the letter "was surely his." Petitioner

contends that according to the incident report, he declared that the letter was "probably his for sure." This is a distinction without a difference, as there is no dispute that he claimed ownership of the letter, whether it was "surely his" or "probably his for sure."

Petitioner next complains that Liwag initially stated that a witness was denied due to security concerns, but in his declaration he stated that the witness' presence was denied because it would have been repetitive and unnecessary. Liwag's declaration that the witness' presence would have been repetitive is credible since there is no dispute that the witness provided a statement to the DHO prior to the hearing. Regardless, the inmate witness' testimony exculpating Petitioner was considered by the DHO in his determination; thus, Petitioner was not denied his due process rights.

In any case, the test is not whether there were inconsistencies but whether there was at least some evidence to support the guilty finding. As fully discussed in the Court's order denying the petition, there was substantial evidence of guilt.

### C. Biased Decision-maker

Next, Petitioner argues that Liwag was a biased decision-maker due to racial animus. He claims Liwag stated: "I know how you white guys operate, and I believe you were all conspiring together." (Doc. 19 at 4.) There is no such statement reflected in the record. The only evidence is from Petitioner's own self-serving statement. Liwag denied these allegations and stated in his own declaration that race did not, and never has, affected his DHO decisions. (Doc. 14-1 at 6.) Thus, the Court properly rejected the claim as baseless.

Even if the statement had been made, it does not rise to the level of a constitutional violation. Prison populations are often segregated by race. The fact that Liwag was familiar with the manner in which the white prison population operated does not ipso facto demonstrate that he was biased against the white population or that his decision had been based on race. In any case, there is no dispute that Liwag was an impartial hearing officer within the meaning of BOP regulations, since he was not a "victim, witness, investigator, or otherwise significantly involved in the incident." 28 C.F.R. § 541.8(b).

D. UDC Hearing

Petitioner next complains that the Court failed to account for the fact he was not granted another UDC hearing after the disciplinary report was rewritten. The UDC hearing is irrelevant on federal habeas review. The only procedural protections guaranteed by the Due Process Clause in prison disciplinary settings are: (1) written notice of the charges no less than 24 hours before the appearance before the inmate's disciplinary hearing; (2) an impartial hearing body; and (3) a written statement as to the evidence relied on and the reasons for the disciplinary action. Wolff, 418 U.S. at 556. Petitioner cannot demonstrate a violation of his constitutional rights in asserting he did not receive a second UDC hearing, because the UDC hearing is not at issue. He received all procedural due process protections during the hearing before the DHO, which is the hearing at issue.

E. Testing of Substance

Petitioner complains that the Court failed to address his claim that the substance had not been properly tested. There is no merit to this claim. According to the record, the substance was tested twice using the Narcotics Identification Kit. Petitioner's claim that another test should have been done is beyond the scope of habeas review. The Court is not tasked with reweighing the evidence; rather, it is sufficient for federal habeas purposes that the decision was supported by at least "some evidence." Superintendent, Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985).

F. Fine Amount

Next, Petitioner claims the Court did not address his claim that the fine amount imposed by the Department of Health Services exceeded the amount authorized by policy. This claim only challenges the conditions of his confinement. If Petitioner were successful in this claim, it would have no impact on the legality or duration of his confinement. Claims that seek to challenge the conditions of confinement are cognizable in a civil rights action rather than a habeas corpus action. Because the Court does not have jurisdiction over this claim in this habeas action, there is no merit to Petitioner's claim.

G. Exculpatory Evidence

Last, Petitioner complains that the Court failed to address his central claim that the DHO either misapprehended or misrepresented Petitioner's evidence that he had received legal mail from Philadelphia two days after the incident in question. He asserts that this evidence showed why he told the mailroom supervisor that the mail containing drugs was his. He states he had been communicating with an attorney in Philadelphia for several weeks and was expecting a letter from the attorney; therefore, he believed the mail was the letter from his attorney. This claim is also meritless. When Petitioner was asked about the mail in question, he was informed that the mail was coming from Vinny Lakhanpal of Downington, PA, not from his attorney, Jennifer Tobin, of Philadelphia. (Doc. 14-2 at 81.) In addition, the DHO noted that the letter was addressed to Petitioner but bore the inmate register number of a co-conspirator. The DHO reasonably determined that Petitioner's excuse was not credible. In any case, the Court is not tasked with "examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56. As discussed in the order denying the petition, there was ample evidence supporting the DHO's conclusion.

**III. ORDER**

For the foregoing reasons, the Court **ORDERS** that Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: __**April 25, 2018**__  /s/ **Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE